BAKER v. VILLAGE OF NORWOOD et al.

(Circuit Court, S. D. Ohio, W. D. June 1, 1896.)

No. 4,788.

CONSTITUTIONAL LAW—DUE PROCESS—CONDEMNATION FOR STREET.

For a municipality to condemn land for a street through the property of a single owner, and then assess back upon his abutting property the entire damages awarded, together with the costs and expenses of the condemnation proceedings, is to take private property without due process of law, contrary to the fourteenth amendment to the constitution of the United States. Scott v. City of Toledo, 36 Fed. 385, followed.

This was a suit in equity by Ellen R. Baker against the village of Norwood and others to enjoin the making and collection of a special assessment upon real estate.

Chas. W. Baker, for complainant.
Wm. E. Bundy, for defendants.

SAGE, District Judge. The complainant's suit is to enjoin the defendants from making, enforcing, or collecting an assessment against her property amounting to $2,218.58. Her claim is that the same is in violation of her rights under the constitution of the United States and under the constitution of the state of Ohio. She is the owner of real estate situate in the village of Norwood, at the corner of

Williams avenue and Baker street, as it was called prior to the incorporation of said village, but since changed to, and known as, Ivanhoe avenue. The real estate referred to fronts upon Williams avenue, which runs east and west parallel with Hopkins avenue, and south thereof. It extends back from Williams avenue a distance of 300 feet. Baker street had been dedicated to the public use for street purposes prior to the incorporation of the village. It runs north and south, crossing Hopkins avenue at right angles, and extending beyond the same to within 300 feet of Williams avenue, at which point it terminates, said point being on the north line of complainant's property.

After the incorporation of the village of Norwood, it proceeded to exercise the right of eminent domain under a statute of Ohio, in the probate court of Hamilton county, to appropriate for the benefit of the public and of the said village a strip of ground beginning 300 feet north of Williams avenue,—that is to say, on defendants' north line; thence south to Williams avenue, a distance of 300 feet, the same being a protraction of the east line of Ivanhoe avenue, to the south line of Williams avenue; thence west, with the north line of Williams avenue, 50 feet; thence north, parallel to the described line, 300 feet; thence 50 feet east, along the north line of complainant's property, to the place of beginning. Baker street, for some distance south of Williams avenue, and through other property, had been dedicated as a street or thoroughfare before the incorporation of said defendant village. The purpose of the village was by the appropriation of the strip described to open it through complainant's premises, and thereby make it a continuous street.

The complainant says that she is the owner of the real estate upon either side of said strip of ground so undertaken to be appropriated by said village; that is to say, of 150 feet in depth upon the west, and of 150 feet in depth upon the east. In other words, the complainant sets forth that she is the sole owner of the real estate upon each side of said extension of Baker street throughout its entire length, and back from the east and west lines of Baker street, as extended, 150 feet and more. She was also the owner of the ground sought to be appropriated.

It further appears from the bill that the value of said strip was by said probate court found to be $2,000, which the village was adjudged to pay complainant.

The bill then sets forth that said village thereupon proceeded to assess back upon complainant's real estate upon either side of the strip condemned, not only the said $2,000 adjudged to her as the value of the property taken, but also counsel fees, expenses of the suit, expenses and fees of expert witnesses, and other costs, fees, and expenses to her unknown; amounting in all to the sum of $2,218.58, payable in 10 annual installments, with interest at 6 per cent.; that is to say, said village has undertaken to take 300 feet by 50 feet of complainant's property, and, having fixed its valuation by proceedings at law at $2,000, now proposes to assess upon complainant's adjacent property said $2,000, with all the costs and expenses incidental thereto, whereby in fact the property of the

complainant has been taken, and has been sought to be taken, by said village, for the use of the general public, not only without compensation to the complainant, but an actual expense and outlay, in addition, of $218.58, or which is to make the complainant not only pay for her own property taken for the benefit of the village and of the public without compensation, but also to pay the expense of so taking it.

Complainant refers to the provision of the Revised Statutes of Ohio for relief against such assessment, and, averring that she has no remedy save by injunction, appeals to her right, under said statutes, to contest the same by bill to enjoin its collection or enforcement. The auditor of the county is made defendant, for the reason that, as appears from the bill, the village has certified to him the first installment of the assessment; and, in accordance with the statute, he has entered the same on the tax duplicate of the county, with a penalty thereon, in order to make said assessment and penalty a charge and a lien upon the complainant's real estate in Hamilton county.

The bill also sets forth that the auditor has certified said assessments and penalties to the treasurer of the county, and that the treasurer has caused the same to be placed upon the tax duplicate against complainant, and made the same a charge and lien upon all her real estate, and is about to collect the same, with the penalties added thereto, all without warrant or authority of law. The prayer is for an injunction against all the defendants.

It was held by the supreme court of Ohio in Caldwell v. Village of Carthage, 49 Ohio St. 334, 31 N. E. 602, that, where land is appropriated for a street improvement, an assessment by the foot front of the property bounded by and abutting upon the improvement, to pay the cost thereof, is not in violation of section 1 of the fourteenth amendment of the constitution of the United States. There the specific objection was that no preliminary resolution declaring the necessity of the improvement which the council of the village was required to pass, and to give notice of and publish as provided in section 2304 of the Revised Statutes, was adopted by the council, and consequently no publication was made, nor was there any service of notice of such resolution. The supreme court held that the section did not apply to the condemnation of private property for opening, extending, straightening, or widening a street. It does not appear that the general question of constitutional power which is presented in this case was presented to the court in that case, or was considered.

Granting, for the sake of the argument, that, where property is appropriated for a street, the compensation to the owners and the expense of making the appropriation may be assessed upon the several owners, each bearing his proper share, quite a different question is presented when, as here, a municipality undertakes to appropriate to public use the real estate of a single owner for a public street, and then assess back upon him, not only the compensation awarded for the entire street, but also all the expenses of the proceeding. If such a proceeding is not a taking for public

use without compensation, I am at a loss to know what would constitute such a taking.

In Davidson v. New Orleans, 96 U. S. 107, Mr. Justice Bradley said: "If a state, by its laws, authorized private property to be taken for public use, without compensation, I think it would be depriving a man of his property without due process of law." The same question was considered in Kentucky Railroad Tax Cases, 115 U. S. 331, 6 Sup. Ct. 57, and this language of Mr. Justice Bradley was quoted with approval.

Under the Ohio constitution, where private property is taken for public use, compensation therefor must first be made in money, or first secured by a deposit of money, and the compensation must be assessed by a jury without deduction for benefits to any property of the owners.

This whole subject was considered by Judge Jackson in Scott v. City of Toledo, 36 Fed. 385. He held that such proceedings as are complained of in this bill were in violation of the provision of the fourteenth amendment of the constitution of the United States, that no state shall deprive any person of life, liberty, or property without due process of law.

The equity of this case is with the complainant, and a perpetual injunction will be decreed against the defendants, as prayed for, with costs.